UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Lauri Rose,<br>    *Plaintiff*,<br><br>*vs.*<br><br>American Institute of Toxicology, Inc.,<br>    *Defendant.* | 1:14-cv-01128-JMS-DML |

## **ORDER**

This case was recently transferred to this Court from the Eastern District of Tennessee. This Order addresses two issues: subject-matter jurisdiction and attorney registration.

Regarding subject-matter jurisdiction, Defendant American Institute of Toxicology, Inc. ("AIT") removed this case to federal court on August 21, 2013, alleging that diversity jurisdiction exists. [Filing No. 1.] This Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). There is an issue preventing the Court from assuring itself that diversity jurisdiction is proper. AIG states in its Notice of Removal that "[u]pon information and belief, Plaintiff is a citizen and resident of the State of Tennessee." [Filing No. 1 at 2.] Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship").

To cure this jurisdictional concern, if the parties agree on the matter, they must file a joint jurisdictional statement by **July 18, 2014** that properly sets forth the citizenship of Plaintiff Lauri

Rose.  Furthermore, the parties should also confirm the citizenship of AIG and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Should the parties not agree about these matters, they must file individual jurisdictional statements setting forth their positions by **July 18, 2014**.

Regarding attorney registration, all attorneys in this case must be admitted to practice before this Court in accordance with Local Rule 83-5.  Moreover, only attorneys who are admitted to practice before this Court and who have proper appearances in this case are entitled to receive service of Court entries and orders.  Counsel are thus cautioned that after this Order, no further entries or orders will be served on attorneys who are not properly admitted to practice before this Court and have not properly appeared in this case.  The Court assumes that counsel not now admitted to practice before this Court will act promptly, pursuant to Local Rule 83-5, to remedy that problem.  In the meantime, attorneys who are not currently admitted should frequently check the docket of this case through PACER to ensure that they do not miss any dates and deadlines.

Accordingly, the Court **ORDERS** the parties to file their jurisdictional statements with respect to subject matter jurisdiction in the manner set forth above by **July 18, 2014**.

**Distribution by U.S. Mail to:**

R. Jonathan Guthrie
Patrick, Beard, Schulman & Jacoway, PC
537 Market Street
Suite 202
Chattanooga, TN 37402-1225

Karen M. Smith
Miller & Martin LLP
1000 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402

Scott E. Simmons
Miller & Martin, PLLC
832 Georgia Avenue
1000 Volunteer Building
Chattanooga, TN 37402

**Distribution via ECF only:**

David A. Given
Faegre Baker Daniels LLP
david.given@faegrebd.com

Ryann E. Ricchio
Faegre Baker Daniels LLP
ryann.ricchio@faegrebd.com